**UNITED STATES DISTRICT COURT**
**District of New Jersey**

**CHAMBERS OF**
**JOSE L. LINARES**
**JUDGE**

**MARTIN LUTHER KING JR.**
**FEDERAL BUILDING & U.S. COURTHOUSE**
**50 WALNUT ST., ROOM 5054**
**P.O. Box 999**
**Newark, NJ 07101-0999**
**973-645-6042**

**October 16, 2006**

**LETTER OPINION**
**ORIGINAL TO BE FILED WITH THE CLERK OF THE COURT**

Re:     <u>Estate of Arnold Asman v. Old Bridge Chemicals, Inc.</u> (05-2246)

Dear Parties:

      Currently before the Court is the Estate of Arnold Asman's (the "Estate") appeal of an order of the Honorable Donald H. Steckroth of the United States Bankruptcy Court for the District of New Jersey dated March 15, 2005 brought pursuant to Federal Rule of Bankruptcy Procedure 8002.  In this order, Judge Steckroth ordered the substantive consolidation of the Chapter 11 estates of debtors Old Bridge Chemicals, Inc., Madison Industries, Inc., and Arnet Realty Co., LLC (collectively, the "Debtors").  The parties submitted briefs in support of this appeal.

      On September 19, 2005, the Estate filed an order to show cause before the Bankruptcy Court seeking to stay the implementation, execution, and enforcement of Judge Steckroth's March 15, 2005 order substantively consolidating the Debtors' estates until the appeal was determined.  Judge Steckroth denied this application on October 19, 2005.  At that time, Judge Steckroth also informed the parties that he would confirm the Debtors' Second Modified Joint Plan of Reorganization as Amended (the "Plan") which was based on the substantive consolidation of the Debtors' estates.

      On October 21, 2005, Judge Steckroth entered an order confirming the Plan.  Judge Steckroth waited ten days to fund the relevant loan under the Plan to ensure that the Estate did not file an appeal of this order or seek a stay of implementation of the Plan.  The Estate did not appeal the order confirming the Plan or seek a stay of implementation of the Plan.

      Instead, on October 24, 2005, the Estate petitioned this Court by order to show cause pursuant to Federal Rule of Bankruptcy 8005 to stay the implementation, execution, and enforcement of Judge Steckroth's March 15, 2005 order substantively consolidating the Debtors' estates.  This Court denied the Estate's request for a stay by order dated October 26, 2005.  The Court determined that the Estate was not entitled to such relief because it failed to show that it would suffer irreparable harm if the stay was not granted.  In particular, the Court found that it

appeared that the Estate "could redress any damages that it may sustain through appropriate litigation involving the failure in the State Court action to obtain and protect the Asman Estate's security positions." See District Court Order (October 26, 2005) at p. 2.

On December 1, 2005, the Court received a letter from the Debtors asking the Court to dismiss the Estate's appeal under the doctrine of equitable mootness. The Debtors stated that the Plan has been substantially consummated due to a significant loan closing which occurred eleven days after Judge Steckroth confirmed the Plan. The Estate responded by letter dated December 7, 2005, arguing that the appeal should not be dismissed. The Debtors replied by letter dated December 12, 2005.

The Court has reviewed the above-referenced letters submitted by the parties. Based on this review, the Court dismisses the instant appeal under the doctrine of equitable mootness.[1] In In re Continental Airlines, the Third Circuit applied the doctrine of equitable mootness, stating that a bankruptcy appeal should be dismissed as moot where, " 'even though effective relief could conceivably be fashioned, implementation of that relief would be inequitable.' " 91 F.3d 553, 559 (3d Cir. 1996) (quotations omitted). In particular, the Court must examine whether it would be prudent to upset a plan of reorganization after such has been confirmed. See id.

The Third Circuit set forth the following five factors that courts should consider in determining whether it would be equitable to reach the merits of a bankruptcy appeal: "(1) whether the reorganization plan has been substantially consummated; (2) whether a stay has been obtained; (3) whether the relief requested would affect the rights of parties not before the court; (4) whether the relief requested would affect the success of the plan; and (5) the public policy of affording finality to bankruptcy judgments." In re Continental Airlines, 91 F.3d at 560 (citations omitted); see also Nordhoff Investments, Inc. v. Zenith Electronics Corp., 258 F.3d 180, 185 (3d Cir. 2001) (discussing and applying these factors). These factors are given varying weight depending on the circumstances. See, e.g., In re Continental Airlines, 91 F.3d at 560. The court emphasized that "foremost consideration" is given to whether the reorganization plan has been substantially consummated. See, e.g., id. at 560-61. Further, "high on the list of prudential considerations" is whether third parties have relied on the finality of the reorganization plan. See, e.g., id. at 562-63.

The above-referenced factors weigh in favor of dismissing this matter on the grounds of

---

[1] The term "equitable mootness" may be misleading in that an analysis under the doctrine does not really focus on whether a case is moot in the traditional sense, but on whether it is prudent for the Court to upset the plan of reorganization at that time. See In re Continental Airlines, 91 F.3d at 559. However, the Third Circuit, while noting this issue, has used this term as have the parties in this matter. See id. ("It is evident that 'equitable mootness' is an inapt description of the doctrine at issue here. Nonetheless, since past cases have used that term, we use it in discussing them."); see also Nordhoff, 258 F.3d at 184-85 (discussing the doctrine of equitable mootness and using such term). Thus, the Court will do so here.

equitable mootness. First, it appears that the Plan has been substantially consummated. As indicated above, subsequent to the confirmation of the Plan, a significant loan closed which resulted in various financial transactions. The Debtors refinanced their Revolving Credit Facility. They paid over $900,000 to their lender and largest unsecured creditor, Business Alliance Capital Corp. The Debtors enlisted the support of a new lender, Access Capital Corp. ("Access"), which provided Debtors with a Revolving Credit Facility of $1.3 million.[2] Further, the Debtors used the money from the refinance to pay over $370,000 of the $400,000 initial payment due at confirmation. These monies have been paid to over 250 creditors. See Declaration of Bzura (Dec. 9, 2005) at ¶¶ 2-9; Debtors' Letter (Dec. 1, 2005) at p. 2. The Estate provides no evidence to suggest that the Plan has not been substantially consummated.

Furthermore, were the Court to grant the relief that the Estate seeks in its appeal, namely, the reversal of Judge Steckroth's order substantively consolidating the Debtors' estates, the success of the Plan would be affected because the Plan is based on the substantive consolidation of the Debtors' estates. The Estate admits that the Plan is based on this substantive consolidation. See, e.g., Declaration of Harfenist (Oct. 24, 2005) at ¶ 5; Estate's Mem. of Law (Oct. 24, 2005) at pp. 2-3, 15 n.12; Affidavit of Steinberg (Oct. 21, 2005) at ¶ 2. Thus, a finding that the estates should not have been substantively consolidated would necessitate a total unraveling of the Plan itself and the various financial transactions consummated under the Plan. The Estate has offered no intermediate options that would allow the Court to grant it relief without entirely unscrambling the Plan. Compare In re: United Artists Theatre Co., 315 F.3d 217, 228 (3d Cir. 2003) (refusing to dismiss bankruptcy appeal as equitably moot where the appeal, if successful, would not result in unraveling of plan of reorganization but instead, would result in court striking disputed liability releases from the plan) with Nordhoff Investments, Inc. v. Zenith Electronics Corp., 258 F.3d 180, 189-90 (3d Cir. 2001) (affirming dismissal of appeal as equitably moot where granting of appeal would result in unraveling of reorganization plan).

Additionally, at least one third party relied upon the finality of the Plan. Access, the Debtors' new lender, relied on the implementation of the Plan in agreeing to engage in its transactional relationship with the Debtors. According to the Debtors, without Access's loan, they would be "forced to close" their doors. See Debtors' Letter (Dec. 12, 2005) at p. 5. The policy interests behind affording finality to such reorganization plans is evidenced by the fact that Access agreed to fund the Debtors' operations in reliance on the finality of the Plan at issue here. The Estate has not disputed Access's reliance on the Plan.

The Estate argues that the fact that it sought a stay of Judge Steckroth's March 15, 2005 order substantively consolidating the Debtors' estates in both the Bankruptcy Court and in this Court "perfected the appeal" and thus, the Court should not dismiss the appeal on equitable grounds. The Estate cites to no authority which supports its position that if a party seeks a stay of proceedings pending a bankruptcy appeal, that appeal cannot be dismissed on equitable mootness

---

[2] The Debtors inconsistently refer to this amount as $1.3 million and $1.5 million. This discrepancy is irrelevant to the disposition of this issue.

grounds when the other factors weigh in favor of such dismissal.  Cf. In re SGPA, Inc., 34 Fed. Appx. 49, 2002 WL 827176, at *2 (3d Cir. Apr. 26, 2002) (stating that application of equitable mootness doctrine is discretionary and that "none of our cases establish a bright line rule that all factors must weigh in favor of mootness").  The fact that only one of the five factors of the test adopted by the Third Circuit in In re Continental Airlines, namely, "whether a stay has been obtained", deals with a stay of proceedings, refutes this position.  Further, as Debtors point out, the Estate did not seek a stay of Judge Steckroth's October 21, 2005 order confirming the Plan.  Instead, the Estate sought a stay of Judge Steckroth's March 15, 2005 order granting substantive consolidation of the Debtors' estates.

      The Estate also admits that the instant appeal would be rendered moot by the Bankruptcy Court's confirmation of the Plan.  See Affidavit of Steinberg (Oct. 21, 2005) at ¶ 5 ("any relief granted by this Court on this [sic] merits of the appeal would be rendered moot by consummation of the Plan"); Declaration of Harfenist (Sept. 19, 2005) at ¶ 5 (stating that if the Bankruptcy Court confirms the Plan "any relief granted to the Asman Estate by the appeal will be rendered moot"); Estate's Mem. of Law (Sept. 19, 2005) at p. 28 (indicating that the Estate's appeal of Judge Steckroth's March 15, 2005 order will be rendered moot by confirmation of the Plan); see also Estate's Mem. of Law (Oct. 24, 2005) at pp. 15 (stating that "the Asman Estate's right may be extinguished and the appeal may be deemed equitably moot" if the Plan is enforced) and 27 ("this Court's determination in this appeal can become equitably moot if the order is not stayed" because confirmation of the Plan may "vitiate the effect of this Court's reversal of the Bankruptcy Court.") and 29 (arguing that the Estate has shown irreparable harm because the "appeal of the March 15, 2005 Order *will be rendered moot*" by the Plan (emphasis added)).

      Accordingly, for the foregoing reasons, the Court dismisses the instant bankruptcy appeal.  This case is hereby closed.  An appropriate order accompanies this letter opinion.

                                                                           s/ Jose L. Linares
                                                                           UNITED STATES DISTRICT JUDGE